IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FOX NEWS NETWORK, LLC, | § | |
| | § | |
| Defendant-Below, | § | No. 218, 2026 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| GAVIN C. NEWSOM, | § | C.A. No. N25C-06-251 |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: June 12, 2026
Decided: August 6, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice and supplemental notice of appeal from an interlocutory order and the exhibits attached thereto, it appears to the Court that:

(1)    On June 27, 2025, Governor Gavin C. Newsom filed a complaint in the Superior Court against Fox News Network, LLC ("FNN") for defamation *per se* and violations of California's Unfair Competition Law.  The Superior Court summarized the events leading to this litigation as follows:

> On June 6, 2025, at approximately 10:23 p.m. Pacific Daylight Time (or June 7, 2025, at approximately 1:23 a.m. Eastern Time), Governor Newsom spoke on the telephone with President Donald Trump for about sixteen minutes.  Following the phone conversation, Governor Newsom publicly spoke about his conversation with President Trump, and multiple news outlets covered Governor Newsom's statements about the call.

On Tuesday, June 10, 2025, during a press conference President Trump was asked "[w]hen was the last time you spoke to Governor Newsom?" President Trump responded, "[a] day ago." Governor Newsom took to X to respond "[t]here was no call. Not even a voicemail. . . ." Informed of Governor Newsom's X post, President Trump provided FNN host John Roberts a screenshot of his call log revealing the sixteen-minute phone conversation between Governor Newsom and President Trump on June 7, 2025.

Later that day, Roberts referenced the phone call and described President Trump as stating the call occurred "yesterday or the other day." And that evening *Jesse Wat[t]ers Primetime* played an edited clip of the press conference that excluded President Trump's comment that he spoke with Governor Newsom "[a] day ago." A chyron displayed a "Fox News Alert" that "Gavin Lied About Trump's Call."

In an effort to satisfy Governor Newsom's retraction demand, on July 17, 2025, Jesse Watters, on *Jesse Watters Primetime*, played the unedited video of President Trump's response to the question: "When was the last time you spoke to Governor Newsom?" and included President Trump's response that he and Governor Newsom spoke "[a] day ago." Watters then explained that he understood Governor Newsom's X post stating "[t]here was no call. Not even a voicemail" to mean there was never a call between Governor Newsom and President Trump, not that President Trump's description of the timing was incorrect. Watters concluded by noting, "[Newsom] didn't deceive anybody on purpose, so I'm sorry, he wasn't lying. He was just confusing and unclear. Next time, Governor, why don't you just say what you mean." The chyron beneath Watters read, "Gavin Didn't Lie, He Was Just Sloppy."[1]

(2)    On August 5, 2025, FNN moved to dismiss the complaint under Superior Court Civil Rules 12(b)(3) and (b)(6). Governor Newsom then filed an amended complaint that included allegations concerning FNN's response to his retraction

---

[1] Appellant's Suppl. Notice of Appeal from Interlocutory Order Ex. A (Del. Super. Order dated June 8, 2026 ¶¶ 3–6 (citations omitted)).

demand and eliminated the count asserting violations of California's Unfair Competition Law. On September 25, 2025, FNN moved to dismiss the amended complaint. Invoking the doctrine of *forum non conveniens*, FNN argued that allowing the litigation to proceed in Delaware would impose a substantial hardship on FNN. FNN further contended that the amended complaint failed to state a claim for defamation.

(3) On April 30, 2026, the Superior Court issued a decision denying the motion to dismiss (the "Opinion").[2] Weighing the "*Cryo-Maid* factors,"[3] the court concluded that FNN had not shown it would face an overwhelming hardship by litigating in Delaware. The court also held that Governor Newsom stated a claim for defamation under California law. The court ruled that it was reasonably conceivable, based on the pleaded facts, that: (i) FNN knew the statements were false at the time of making them; (ii) Watters' statement was not a constitutionally protected opinion; and (iii) FNN acted with actual malice.

---

[2] *Newsom v. Fox News Network, LLC*, 2026 WL 1182408 (Del. Super. Apr. 30, 2026).

[3] *Id.* at *4 ("Where there are no issues of prior pendency in other jurisdictions, this Court, in assessing a forum non conveniens claim, considers the '*Cryo-Maid* factors':

> (1) the relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of the view of the premises; (4) whether the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction; (5) the pendency or nonpendency of a similar action or actions in another jurisdiction; and (6) all other practical problems that would make the trial of the case easy, expeditious and inexpensive.")

(quoting *Martinez v. E.I. DuPont de Nemours and Co., Inc.*, 86 A.3d 1102, 1104 (Del. 2014) (citations omitted)).

(4)     After receiving an extension of the ten-day period to apply for certification of an interlocutory appeal, FNN filed its application for certification on May 18, 2026.  FNN contended that the Opinion decided a substantial issue of material importance and that the following Rule 42(b)(iii) criteria weighed in favor of certification: (i) the Opinion resolved a question of law—whether California Civil Code § 48a requires a plaintiff to serve a retraction demand before filing suit—for the first time;[4] (ii) interlocutory review might terminate the litigation;[5] and (iii) interlocutory review would serve considerations of justice.[6]  Governor Newsom did not dispute that the Opinion decided a substantial issue of material importance, but he otherwise opposed the application.

(5)     On June 8, 2026, the Superior Court denied FNN's application.  In refusing certification, the Superior Court first acknowledged the parties' agreement that the Opinion decided a substantial issue of material importance and found this threshold requirement for interlocutory review satisfied.  The court next considered the Rule 42(b)(iii) criteria that FNN cited.  The court rejected FNN's reliance on Rule 42(b)(iii)(A), explaining that it applied well-established principles of statutory construction to determine that California Civil Code § 48a requires a plaintiff to issue

---

[4] Del. Supr. Ct. R. 42(b)(iii)(A).

[5] *Id.* 42(b)(iii)(G).

[6] *Id.* 42(b)(iii)(H).

a retraction demand within twenty days of the publication of the defamatory statement but does not require a retraction demand before the filing of a lawsuit.

(6)     As to Rule 42(b)(iii)(G), the court questioned the likelihood of an interlocutory appeal terminating the litigation and found that the appeal was not exceptional as required by Rule 42.  The court viewed this case as similar to *US Dominion, Inc. v. Fox News Network, LLC*,[7] another defamation case involving FNN, in which the court refused to certify for interlocutory appeal the denial of FNN's motion to dismiss.  In rejecting FNN's argument that certification was appropriate because appellate reversal would terminate the litigation, the *Dominion* court emphasized that acceptance of this argument "would validate routine appeals from most motion to dismiss decisions."[8]

(7)     The court also was not persuaded by FNN's position that interlocutory review would serve considerations of justice under Rule 42(b)(iii)(H).  FNN contended that interlocutory review and reversal would discourage forum shopping and ensure early dismissal of meritless defamation lawsuits.  The Superior Court described the forum shopping claim as meritless, noting that FNN had chosen to incorporate in Delaware.  Finally, the court found that the benefits of interlocutory review would not outweigh the probable costs.

---

[7] 2022 WL 100820 (Del. Super. Jan. 10, 2022).

[8] *Id.* at *7.  This Court refused FNN's interlocutory appeal in *Fox News Network, LLC v. US Dominion, Inc.*, 270 A.3d 273, 2022 WL 274235 (Del. Jan. 31, 2022) (TABLE).

(8)     We agree with the Superior Court that interlocutory review is not warranted in this case.  Applications for interlocutory review are addressed to the sound discretion of this Court.[9]  In the exercise of our discretion and giving due weight to the Superior Court's view, we conclude that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b).  Exceptional circumstances that would merit interlocutory review do not exist,[10] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[11]

NOW, THEREFORE, IT IS ORDERED that this interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[9] Del. Supr. Ct. R. 42(d)(v).

[10] *See id.* 42(b)(ii).

[11] *See id.* 42(b)(iii).

6